IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

MARK STEVEN DUNN

    Debtor

Case No. 14-33152

### MEMORANDUM ON TRUSTEE'S OBJECTION
### TO DEBTOR'S CLAIMED EXEMPTIONS

APPEARANCES:    HORACE M. BROWN, III, ESQ.
    105 North Court Street
    Maryville, Tennessee  37804
    Attorney for Debtor

    MOORE & BROOKS
    Brenda G. Brooks, Esq.
    6207 Highland Place Way, Suite 203
    Knoxville, Tennessee  37919
    Attorney for Chapter 7 Trustee

**SUZANNE H. BAUKNIGHT**
**UNITED STATES BANKRUPTCY JUDGE**

The court's determination here turns on the rights of Debtor in a Contract for Sale that was breached by Debtor before the petition date. Because the court finds that Debtor's sole right in the defaulted contract as of the commencement of the case was possessory, the court sustains the Chapter 7 Trustee's objection to Debtor's claimed exemption in a $5,000.00 settlement by the Trustee of any non-possessory interest of the Estate in the contract. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(B).

On October 27, 2000, Debtor executed a Deed of Trust Note (Note) and a Contract for Deed (Contract) by which he contracted to purchase from Carol and Allen Bowerman real property known as 1208 Grant Street, Alcoa, Tennessee (the Property). [Doc. 38-3, pp. 4-7.] Under the Contract, Debtor agreed to pay $65,000.00 to the Bowermans, with $62,000.00 payable over 300 months at 8% interest. Once the total Contract price was paid, the Bowermans were to deliver a general warranty deed to Debtor to convey the Property in fee simple. With respect to remedies, the Note contains the following default provision: "In the event of default in the payment of any installment and/or interest payment due under this note, the entire principal sum and accrued interest shall at once become due and payable without notice, at the option of the holder of this note." [*Id.*, p. 4.] Similarly, the Contract includes the following relevant default provisions:

> The parties hereto do further agree and covenant that in the event the PURCHASER fails to make the said payments as herein stipulated, or shall at any time fail to pay taxes, assessments when due, or shall fail to keep or maintain such insurance, or fail to keep or breach the covenants herein contained, then and in any such event the OWNERS have the right to declare this agreement terminated and to re-enter and take possession of said premises and expel said PURCHASER therefrom, or anyone holding under them, without in any wise being a trespasser in so doing.

1

[*Id.*, p. 6.]  The Contract also provides the following remedy upon default:

> IT IS SPECIFICALLY understood and agreed by the parties hereto that in the event of such re-entry as above set forth by OWNERS, that any and all payments made under this contract by the PURCHASER, shall be construed as liquidated damages owing to OWNERS for breach of this agreement."

[*Id.*, p. 6.]

Debtor filed his bankruptcy petition on September 29, 2014.  Debtor's schedules, as amended, reflect a personal property interest for which Debtor claims an exemption under Tennessee Code Annotated § 26-2-103 as follows:

> The debtors [*sic*] interest and value to the bankruptcy estate derrived [*sic*]from ownership in the house and lot located at at [*sic*] 1208 Grant Street Alcoa, TN 37701; see record in Book 182, p. 400 of the Register of Deeds of Blount county [*sic*] Tennessee for Contract for Deed between debtor and Carol and Allen Bowerman.  Reference is made hereto on Amended Schedule G Executory Contracts. The value used here is the total property value less the estimated balance owing on the contract.  The value of the proeprty [*sic*] listed with the Blount County Assessor is $107,000.00 less , [*sic*] $76,763.36 , [*sic*] the amount of the Proof of Claim filed by the Bowermans

[Doc. 24, pp. 5-6.]  Debtor's Schedule G (which, notwithstanding the language quoted above, has not been amended) listed the Contract with the Bowermans [Doc. 1, p. 28], and his Chapter 7 Individual Debtor's Statement of Intention listed the Property as secured property that Debtor intended to surrender to the Bowermans.  [Doc. 4]

The Bowermans filed a proof of claim based on the Note and Contract, asserting that Debtor owed them $76,763.36 as of the Petition date, of which $49,786.35 was the balance on the note, $22,619.05 was owed as arrearage including late fees, $3,455.96 was owed for taxes, and $402.00 was owed for insurance.  [Doc. 38-3.]  The Bowermans' claim also included an attorney's fee of $500.00.  Thus, according to the Bowermans' claim, Debtor was in default on the Note and Contract as of the Petition date.

2

After investigating the potential rights of the Estate in the Contract, the Chapter 7 Trustee negotiated a settlement with the Bowermans, who agreed to pay $5,000.00 to the Estate for the Chapter 7 Trustee's abandonment of any interest the Estate had in the Contract. It is this $5,000.00 that Debtor seeks to exempt.

As recently explained by this court:

> The filing of a bankruptcy petition creates an estate consisting of "all legal and equitable interests of the debtor in property *as of the commencement of the case*," with certain enumerated exceptions. 11 U.S.C. § 541. The definition is intended to be broad . . . . *See Crocker v. Calderon (In re Calderon)*, 363 B.R. 537, 540–41 (Bankr. M.D. Tenn. 2003). To ensure that a debtor retains "sufficient property to obtain a fresh start," a debtor is permitted to claim certain property as exempt such that it "is subtracted from the bankruptcy estate and not distributed to creditors." *In re Arwood*, 289 B.R. 889, 892 Bankr. E.D. Tenn. 2003). *See also Schwab v. Reilly*, 560 U.S. 770, 791 (2010) ("to help the debtor obtain a fresh start, the Bankruptcy Code permits him to withdraw from the estate certain interests in property"). Section 522 of the Bankruptcy Code provides that a debtor may exempt certain items of property by filing "a list of property that the debtor claims as exempt under subsection (b) of this section." 11 U.S.C. § 522(1). Because Tennessee has opted out of the federal scheme of exemptions as permitted by § 522(b)(1), the Debtors are limited to the exemptions provided by Tennessee law. There is a "long-standing rule" in Tennessee that its exemption statutes are to be liberally construed. *In re Hogue*, 286 S.W.3d 890, 894 (Tenn. 2009).

*In re Reeves*, 521 B.R. 827, 831 (Bankr. E.D. Tenn. 2014) (emphasis added). Debtor claims an exemption here under Tennessee Code Annotated § 26-2-103, which provides, in relevant part:

> (a) Personal property to the aggregate value of ten thousand dollars ($10,000) debtor's equity interest shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee, and such person shall be entitled to this exemption without regard to the debtor's vocation or pursuit or to the ownership of the debtor's abode. Such person may select for exemption the items of the owned and possessed personal property, including money and funds on deposit with a bank or other financial institution, up to the aggregate value of ten thousand dollars ($10,000) debtor's equity interest.

3

Specifically, Debtor claims an exemption for "value to the bankruptcy estate derrived [*sic*]from ownership in the house and lot located at at [*sic*] 1208 Grant Street Alcoa, TN 37701." [Doc. 24, pp. 5-6.]  The central problem for Debtor is that his only ownership interest in the Property was a possessory interest.  Under the Contract for Deed, which was in default at the time he filed, Debtor had no right to any of the money he had paid under the Contract, which by the express terms of the Contract, was to "be construed as liquidated damages owing to [the Bowermans] for breach of th[e] agreement." [Doc. 38-3, p. 6.]  Debtor's possessory interest under the Contract existed until the Bowermans exercised their rights of default "to declare th[e] agreement terminated and to re-enter and take possession of said premises and expel [Debtor] therefrom, or anyone holding under [him]." [Doc. 35-3, p. 6.]  Such was not a personal property right but a real property right.  *See In re Green*, 583 F.2d 614, 622 (9th Cir. 2009) ("Various forms of relationships to real property are referred to as property 'interests,' including possessory interests, leasehold interests, and ownership interests.  Such interests are said to 'run with the land' — that is, they accompany a conveyance or assignment of land, passing from one purchaser to another through the chain of title." (citation omitted)).  Accordingly, the Tennessee personal property exemption statute does not apply to the possessory interest of Debtor, and the Trustee's objection to Debtor's

4

attempt to exempt the $5,000.00 settlement obtained by the Trustee on grounds distinct from Debtor's possessory right is well taken and is sustained.[1]

FILED: April 1, 2015

BY THE COURT

*Suzanne H. Bauknight*

SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE

---

[1] Because Debtor's only interest in the defaulted Contract at the commencement of the case was a real property possessory right, it is unnecessary to determine the basis of the Trustee's claim against the Bowermans under the Contract.

5